UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. JOHNSON,

    Plaintiff,

v.                                          Case No. 06-10939
                                             Hon. Sean F. Cox

JAMIE FOXX, SONY RECORDS CORP.,
J RECORDS, FACE PRODUCTIONS, and
BMG/SONY ENTERTAINMENT,

    Defendants.

_____

## **ORDER**

This matter is before the Court on Defendant J Records Motion to set aside entry of default; and Defendants Jamie Foxx and BMG/Sony Entertainment's Motion in opposition to requests for default judgment. Plaintiff is *pro se*. The parties have briefed the issues. For the following reasons, the Court grants Defendants' Motion.

### I.  BACKGROUND

This action arises out of alleged copyright infringement. Plaintiff, proceeding *pro se*, alleges that he wrote a song entitled "One of God's Angels is AWOL." He claims the song was copyrighted on December 22, 2003.

Plaintiff asserts that Defendant Jamie Foxx infringed Plaintiff's copyright by recording a rearranged version of Plaintiff's song entitled "Heaven." "Heaven" was included on Jamie Foxx's album "Unpredictable."

Plaintiff alleges he sent out a mass mailing in 2004 containing four of his original songs,

including "One of God's Angels is AWOL." Plaintiff claims Defendants obtained his song through his mass mailing.

Plaintiff filed a Complaint on March 1, 2006, alleging copyright infringement. Plaintiff seeks $75,000,000 in damages. In accordance with Plaintiff's request, the Clerk entered default against Defendant J Records on May 19, 2006. [Doc. 15]. On May 17, 2006, Plaintiff filed requests for entry of judgment against Defendants J Records, Jamie Foxx, and Face Records. However, the requests were denied on June 14, 2006. [Doc. 17].

On June 30, 2006, Defendants filed the instant Motion to set aside the entry of default against Defendant J Records and to preclude an entry of default judgment against Defendants Jamie Foxx and BMG/Sony Entertainment. Because the Clerk denied Plaintiff's request for entry of judgment against Defendants, the issue is not addressed here. The only relief properly sought in this Motion is to set aside the entry of default against Defendant J Records.

## II.   STANDARD OF REVIEW

"For good cause shown the court may set aside an entry of default..." Fed.R.Civ.P. 55(c). "[T]he district court enjoys considerable latitude under the good cause shown standard of Rule 55(c) to grant a defendant relief from a default entry." *U.S. v. Real Property and All Furnishings Known as Bridwell's Grocery and Video*, 195 F.3d 819, 820 (6th Cir. 1999). The court considers three factors: (1) whether the plaintiff would be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the culpable conduct of the defendant led to the default. *Id*. The court has a "strong preference for trials on the merits." *Id*. The district court must set aside default where the defendant had a meritorious defense and prejudice would not result to the plaintiff. *O.J. Distributing, Inc. v. Hornell Brewing Company*, 340 F.3d 345, 353 (6th Cir. 2003).

### III.   ANALYSIS

In this case, Defendant J Records seeks to set aside the entry of default because service of process was improper.  Defendant argues that it is a unit of BMG/Sony Entertainment, so should not have been separately served in the first place.  In addition, Defendant claims the service was improper because a corporation must be served by either: (1) personally serving a copy of the summons and complaint on an officer or resident agent of the company; or (2) serving a director, trustee, or office manager, and delivering a copy by registered mail, addressed to the corporation's principal office.  See Fed.R.Civ.P. 4(h) and MCR 2.105(D).

Plaintiff attempted to serve Defendant by certified mail.  Plaintiff filed a certificate of service on March 31, 2006. [Doc. 6].  It included a receipt for certified mail but did not include the green return receipt card showing that delivery was made.  However, on March 2, 2006, Plaintiff filed a postal service printout showing that delivery was signed for by Kevin S (the last name is illegible). [Doc. 9].  Presumably, because Defendant identifies "Kevin S" as an unspecified person, he is not an officer or resident agent of J Records.

Plaintiff filed a Response to Defendant's Motion.  Plaintiff alleges he properly served Defendants and argues that the length of Defendants delay in filing its Motion should preclude it from having the entry of default set aside.  However, Plaintiff does not identify how he would be prejudiced if the default was set aside.  Contrary to Plaintiff's assertions in his Response, an entry of default has only been entered against Defendant J Records.  Accordingly, Plaintiff should be preceding with his action and no prejudice would result from reinstating one of the Defendants.

"[I]f service of process was not proper, the court must set aside an entry of default." *O.J.*

*Distributing*, 340 F.3d at 353. It appears service was not proper on Defendant J Records because it is not a corporation. Further, even if it were treated as a corporation, Plaintiff did not serve the proper individual or document .

Accordingly, Defendant J Records has demonstrated good cause why the entry of default should be set aside.

### IV.   CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to set aside the entry of default against J Records.

**IT IS SO ORDERED.**

s/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

**Dated:  October 2, 2006**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2, 2006, by electronic and/or ordinary mail and upon Michael A. Johnson by U. S. Mail at the address below:**

**Michael A. Johnson**
**3501 Woodward Ave #1113**
**Detroit, MI 48201**

s/Jennifer Hernandez
**Case Manager**