UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. JOHNSON,

    Plaintiff,

v.                                                          Case No. 06-10939
                                                       Hon. Sean F. Cox

JAMIE FOXX, SONY RECORDS CORP.,
J RECORDS, and BMG/SONY
ENTERTAINMENT,

    Defendants.
_____

## OPINION AND ORDER

This matter is before the Court on Cross Motions for summary judgment. Both parties have filed briefs and a hearing was held May 31, 2007. For the following reasons, Plaintiff's Motion for judgment is **DENIED**, and Defendants' Motion for summary judgment is **GRANTED**.

### I.  BACKGROUND

This action arises out of alleged copyright infringement. Plaintiff, proceeding *pro se*, wrote a song entitled "One of God's Angels is AWOL." The song was copyrighted on December 22, 2003.

Plaintiff asserts that Defendant Jamie Foxx infringed Plaintiff's copyright by recording a rearranged version of Plaintiff's song entitled "Heaven." "Heaven" was included on Jamie Foxx's album "Unpredictable," released by Defendant J Records. Defendant J Records is a

subsidiary of Defendant Sony.[1]

Plaintiff alleges he sent out a mass mailing in 2004 containing four of his original songs, including "One of God's Angels is AWOL." Plaintiff claims Defendants Sony and J Records obtained his song through his mass mailing.

Plaintiff filed a Complaint on March 1, 2006, alleging copyright infringement. On March 12, 2007, Defendants filed a Motion for summary judgment. In lieu of a response, on April 5, 2007, Plaintiff filed his own "motion for judgment." Defendants filed a Response to Plaintiff's Motion; Plaintiff has not filed any additional briefing.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

---

[1] "Sony" refers to Defendant Sony BMG, who Defendants claim was misidentified by Plaintiff in the caption as "Sony Records Corporation" and "BMG/Sony Entertainment."

## III. ANALYSIS

Plaintiff alleges Defendants used a rearranged version of his song in violation of his copyright. "A claim of copyright infringement requires proof of (1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Fogerty v. MGM Group Holdings Corporation, Inc.*, 379 F.3d 348, 352 (6th Cir. 2004)(citation omitted).

Defendants do not challenge the validity of Plaintiff's copyright in his song "One of God's Angels is AWOL." [Motion, p.6]. The sole issue is whether there is a genuine issue of material fact regarding whether Foxx's song "Heaven" is a copy of constituent elements of "One of God's Angels is AWOL." "Because claimants rarely have direct evidence of copying, they typically try to establish an inference of copying by showing (1) access to the allegedly-infringing work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Fogerty*, 379 F.3d at 352. "Once a plaintiff establishes access and substantial similarity, the defendant may rebut the presumption of copying by showing independent creation of the allegedly infringing work." *Id*.

### A. Access

Plaintiff alleged in his Complaint that in 2004 he sent out a mass mailing of four original songs, including "One of God's Angels is AWOL." [Complaint, p.2]. Plaintiff further alleges that Defendants Sony and J Records were included in the mass mailing. *Id*. During his deposition, Plaintiff admitted he did not send "One of God's Angels is AWOL" to Jamie Foxx directly, but to J Records, the same record company Jamie Foxx records for. [Motion, Exhibit A, pp.72-73]. Plaintiff testified that he sent the mass mailing to Defendants by certified mail, but has been unable to locate any documentary evidence of the mass mailings. *Id*. at 73-74.

3

"Access...is essentially hearing or having a reasonable opportunity to copy and may not be inferred through mere speculation or conjecture." *Fogerty*, 379 F.3d at 352. Plaintiff essentially imputes access to his song to Jamie Foxx through Foxx's record company, Defendant J Records. "Although evidence that a third party with whom both the plaintiff and defendant were concurrently dealing had possession of plaintiff's work is sufficient to establish access by the defendant, access may not be inferred through mere speculation or conjecture." *Ellis v. Diffie*, 177 F.3d 503, 506 (6th Cir. 1999)(citing 4 NIMMER § 13.02[A]).

In this case, Plaintiff testified that he sent the song "One of God's Angels is AWOL" via certified mail, as part of a mass mailing, to Defendants, with the exception of Defendant Foxx. Defendants Sony and J Records submit an affidavit from the Vice President of the law department, Wade Leak. [Motion, Exhibit H]. Leak avers that Sony and J Records do not accept unsolicited mailings of songs or lyrics and have a policy of returning or destroying such mailings. *Id*. Defendants also submit the affidavit of Marcus King, Jamie Foxx's manager. [Motion, Exhibit I]. King avers that any communication from Defendants Sony and J Records goes through him, and he did not receive the song "One of God's Angels is AWOL." Further, Defendant Foxx avers in his own affidavit that he never received the song "One of God's Angels is AWOL" and had never heard of it prior to this lawsuit. [Motion, Exhibit D].

Plaintiff testified during his deposition that he mailed the song to Defendants via certified mail. However, he offers no documentary evidence to support his testimony. Defendants contend that their stated policy of not accepting unsolicited songs and lyrics is sufficient to negate access. However, Defendants do not present any binding authority. Because the Plaintiff's claim fails on other grounds, the Court declines to decide whether Defendants' policy

4

is sufficient to negate access.

B. **Substantial Similarity**

Assuming that Plaintiff does establish access with respect to Defendants Sony and J Records, he must also establish substantial similarity. "The substantial similarity analysis first requires a filtering of the unprotectable aspects of the protected work, then asks whether an 'ordinary observer' would perceive the original and the alleged copy as substantially similar." *Fogerty*, 379 F.3d at 352.

1. **Filtering of unprotected elements**

There are two principles that guide the determination of what is unprotected. First, "copyright protection extends only to expression of ideas and not to ideas themselves." *Strombeck v. New Line Cinema*, 384 F.3d 283, 296 (6th Cir. 2004)(citations omitted). "No author may copyright facts or ideas...[t]he copyright is limited to those aspects of the work-termed 'expression'-that display the stamp of the author's originality." *Id*. Second, "the principle of *scenes a faire* excludes copyright protection for 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic." *Id*. "For example, parties, alcohol, co-eds, and wild behavior are natural elements in a story about a college fraternity...[s]imilarly, 'elements such as drunks, prostitutes, vermin and derelict cars would appear in any realistic work about ... policemen in the South Bronx,' and therefore are not afforded copyright protection." *Id*.

The lyrics to "One of God's Angels is AWOL" and "Heaven" are submitted as Defendants' Exhibits B and C. The overarching story in both works is that an angel left heaven to be with someone on earth. The idea of an angel leaving heaven to come to earth is not original

5

and is not copyrightable.  Defendants supply many examples of different works employing the theme. [Motion, Exhibits J-R].  The fact that both "One of God's Angels is AWOL" and "Heaven" employ the idea of an angel leaving heaven is irrelevant for determining substantial similarity.

Additionally, the condition of discord in heaven following the departure of an angel is also not original, it is a standard in the treatment of the topic, and therefore is not considered in the determination of substantial similarity pursuant to the *scenes a faire* doctrine.

### 2. Comparing the Works

After filtering out the unprotected ideas and *scenes a faire*, the final step is to determine whether "One of God's Angels is AWOL" is substantially similar to "Heaven."  "Substantial similarity exists where the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible [sic] expression by taking material of substance and value." *Strombeck*, 384 F.3d at 297.  "If a defendant copies substantial portions of a plaintiff's sequence of events, he does not escape infringement by adding original episodes somewhere along the line...[e]ven if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." *Id*. (citation omitted).

Plaintiff identifies a list of eight similarities in his response to an interrogatory. [Motion, Exhibit G, ¶18].  Based on the lyrics used, which are not identical, Plaintiff surmises that the similarities are: (1) God's angel is with me, referring to the singer; (2) the angel had unfinished business; (3) an angel ran away from heaven; (4) the singer is elated; (5) the angel is amazing; (6) heaven has a "big problem" presumably because the angel left; (7) the singer knows something;

and (8) the singer talked to someone about the angel. *Id*. As discussed above, most of these alleged similarities, to the extent that they even are similarities between the lyrics, are precluded from consideration of substantial similarity because they are ideas or *scenes a faire*. Any remaining similarities are at the "most superficial level." *Strombeck*, 384 F.3d at 297. Similar to the court's holding in *Strombeck*, in this case, to the extent there are similarities between the lyrics, they are "simply too general or tenuous to meet the legal standard for similarity." *Id*. at 298.

Accordingly, although summary judgment in favor of a defendant in a copyright case is a practice that should be used sparingly, in this case, after a comparison of the two works, "as a matter of law a trier of fact would not be permitted to find substantial similarity." *Id*. at 294. Defendants are entitled to summary judgment on Plaintiff's claim for copyright infringement.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for judgment and **GRANTS** Defendants' Motion for summary judgment.

**IT IS SO ORDERED.**

> S/Sean F. Cox
> **Sean F. Cox**
> **United States District Judge**

**Dated: June 11, 2007**

**I hereby certify that on June 11, 2007, a copy of the foregoing document was served upon counsel of record by electronic means and upon Michael Johnson via First Class Mail at the address below:**

Michael A. Johnson
3501 Woodward Avenue #1113
Detroit, Mi 48201

> S/Jennifer Hernandez
> Case Manager